IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-03185-MSK-MJW

MARK D. NIEDERQUELL; and
JUDITH A. NIEDERQUELL,

       Plaintiffs,

v.

BANK OF AMERICA, N.A.;
THE BANK OF NEW YORK MELLON, formerly known as The Bank of New York as Trustee for the Ceritificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3; and
PEGGY J. KERN, Public Trustee of Rio Grande County, in her official capacity,

       Defendants.

---

## OPINION AND ORDER DENYING MOTION TO REMAND AND MOTION TO DISMISS

---

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Remand (**#14**), to which the Defendants responded (**#18**)[1] and the Defendants' Motion to Dismiss[2] (**#17**), to which the Plaintiffs responded (**#19**) and the Defendants replied (**#27**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Background

---

[1] The Plaintiffs did not file a reply brief. Since the time for such filing has expired and no motion for extension of time to file a reply was filed, the Court deems the briefing on this motion to be complete.

[2] The Motion to Dismiss addresses the Plaintiffs' initially filed Complaint (**#2**). The Plaintiffs filed an Amended Complaint (**#20**) at the same time as filing their Response to the Motion to Dismiss. Therefore, although leave to amend was not formally granted, the Court understands that the Amended Complaint contains the allegations which Plaintiffs would proffer to address the arguments made in the Motion to Dismiss. Thus, the Motion to Dismiss will be considered in light of the allegations in the Amended Complaint.

This case challenges the Defendants' standing to foreclose on a mortgage lien secured by a deed of trust recorded against the Plaintiffs' home, located in Rio Grande County, Colorado. The pertinent allegations in the Amended Complaint (#**20**) can be summarized as follows. As required, in considering this Motion, the Court construes the allegations most favorably to the Plaintiffs.

In 2005, the Plaintiffs refinanced their home, executing a promissory note and deed of trust to secure repayment to Countrywide Home Loans, Inc. ("Countrywide"). Bank of America Home Loans Division ("Bank of America") began servicing the loan in 2008, and represented to the Plaintiffs that it held the promissory note. Beginning in September 2009, Plaintiffs made payments to Bank of America in accordance with an application for loan modification pursuant to the Making Homes Affordable Act ("MHA"). In July 2011, Bank of America improperly refused their payments and made harassing telephone calls in attempt to collect the debt.

Bank of New York Mellon ("Mellon") sought a public trustee's sale of the Plaintiffs' home in 2011. Mellon asserted that it, rather than Bank of America, held the promissory note and was the beneficiary of the deed of trust.[3] On November 7, 2011, Mellon obtained a Rule 120 Order authorizing a public trustee's sale.

Plaintiffs filed their original Complaint (#**2**) in the state district court on November 15, 2011. On December 7, 2012, before a sale occurred, Defendants removed the case to this Court (#**1**). There is no information of record as to whether the sale of the home has transpired since removal of this action.

---

[3] According to the Amended Complaint, the current beneficiary of the deed of trust is listed as Mortgage Electronic Registration Systems, Inc. ("MERS").

Neither the Complaint nor the Amended Complaint states particular claims against particular Defendants. Thus, the Court has referred to the Plaintiffs' prayer for relief in order to ascertain what claims they assert against whom. The Court understands that the Plaintiffs seek: 1) a declaratory judgment against Mellon determining that the Rule 120 order sale is void because Mellon[4] had no standing to invoke the sale provisions under the deed of trust; 2) quieting of their title to the property against claims of Bank of America and Mellon (the Court understands this to be a declaration that neither Bank of America nor Mellon holds a valid lien against the property); and 3) an award of damages against Bank of America[5] for violation of Fair Debt Collection Practices Act ("FDCPA") and its state analogue[6].

## II. Issues Presented

In the Motion for Remand (#**14**), Plaintiffs argue that this Court must abstain from hearing the case pursuant to the *Rooker-Feldman* doctrine. *See e.g. District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Defendants respond that the *Rooker-Feldman* doctrine is inapplicable.

In the Motion to Dismiss (#**17**), the Defendants[7] seek dismissal of all claims pursuant to

---

[4] As to this request, the Complaint and Amended Complaint do not differentiate between Bank of America and Mellon. However, because there are no allegations that Bank of America either initiated the foreclosure proceedings nor sought the Rule 120 Order, there can be no claim against Bank of America on this theory.

[5] As to this request, there is no differentiation between Mellon and Bank of America, but because the collection activities were allegedly conducted by Bank of America, the Court understands that this claim is asserted only against it.

[6] Because all arguments apply equally to the FDCPA and its state analogue, no specific reference will be made to the state statute.

[7] The Defendants are represented by the same counsel. They do not differentiate as to which Defendant makes which argument. Consistent with the Court's understanding of the

Fed. R. Civ. P. 12(b)(6). They argue that because Mellon adequately demonstrated to the state court its entitlement to foreclose in accordance with Rule 120, there are insufficient facts alleged to void the Rule 120 Order or to quiet title to the property in the Plaintiffs. In addition, they contend that the alleged facts are not sufficient to state a FDCPA claim. The Plaintiffs respond that they have adequately stated every claim.

### III. Analysis

Before addressing the particulars of each motion, it is helpful to review the foreclosure process in Colorado.

Financing of the purchase of real property in Colorado can be accomplished in a number of ways, but this case presents a method commonly used in residential transactions. The purchaser/owner/borrower obtains funding from a lender for which the executes a promissory note that specifies the terms of repayment. The promissory note is secured by lien created by recordation of a deed of trust for the benefit of the lender. If there is a default by the purchaser/owner/borrower under the terms of the promissory note or deed of trust, the deed of trust authorizes the public trustee to sell the property to satisfy the lien.

Public trustee foreclosure of such lien is largely an administrative process governed by Colorado statute.[8] Generally, it requires two steps - a request by the beneficiary of the deed of trust or its assignee that the public trustee schedule and conduct a sale of the property, and a Rule 120 Order authorizing a sale. The Rule 120 Order refers to C.R.C.P. 120 which sets out the

---

claims, the Court understands that the Defendant against whom the claim is asserted moves for dismissal.

[8] See C.R.S. § 38-38-101(1) *et seq*.

4

process for obtaining a judicial order authorizing the public trustee to sell a property.[9] The rule

---

[9](a) Motion; Contents. Whenever an order of court is desired authorizing a sale under a power of sale contained in an instrument, any interested person or someone on such person's behalf may file a verified motion in a district court seeking such order. The motion shall be accompanied by a copy of the instrument containing the power of sale, shall describe the property to be sold, and shall specify the default or other facts claimed by the moving party to justify invocation of the power of sale. When the property to be sold is personal property, the motion shall state the names and last known addresses, as shown by the records of the moving party, of all persons known or believed by the moving party to have an interest in such property which may be materially affected by such sale. When the property to be sold is real property and the power of sale is contained in a deed of trust to a public trustee, the motion shall state the name and last known address, as shown by the records of the moving party, of the grantor of such deed of trust, of the current record owner of the property to be sold, and of any person known or believed by the moving party to be personally liable upon the indebtedness secured by the deed of trust, as well as the names and addresses of those persons who appear to have acquired a record interest in such real property, subsequent to the recording of such deed of trust and prior to the recording of the notice of election and demand for sale, whether by deed, mortgage, judgment or any other instrument of record. In giving notice to persons who appear to have acquired a record interest in real property, the address of each such person shall be the address which is given in the recorded instrument evidencing such person's interest, except that if such recorded instrument does not give an address or if only the county and state are given as the address of such person, no address need be stated for such person in the motion. The clerk shall fix a time not less than 21 nor more than 35 days after the filing of the motion and a place for the hearing of such motion.

(b) Notice; Contents; Service. The moving party shall issue a notice describing the instrument containing the power of sale, the property sought to be sold thereunder, and the default or other facts upon which the power of sale is invoked. The notice shall also state the time and place set for the hearing and shall refer to the right to file and serve responses as provided in section (c), including a reference to the last day for filing such responses and the addresses at which such responses must be filed and served. The notice shall contain the following advisement: "If this case is not filed in the county where your property is located, you have the right to ask the court to move the case to that county. Your request may be made as a part of your response or any paper you file with the court at least 7 days before the hearing." The notice shall contain the return address of the moving party. Such notice shall be served by the moving party not less than 14 days prior to the date set for the hearing, by mailing a true copy thereof to each person named in the motion (other than persons for whom no address is stated) at the address or addresses stated in the motion and by filing a copy with the clerk and by delivering a second copy to the clerk for posting by the clerk. Such mailing and delivery to the clerk for posting shall be evidenced by the certificate of the moving party or moving party's agent.

(c) Response; Contents; Filing and Service. Any interested person who disputes, on grounds within the scope of the hearing provided for in section (d), the moving party's entitlement to an order authorizing sale may file and serve a response to the motion, verified by the oath of such person, setting forth the facts upon which he relies and attaching copies of all documents which support his position. The response shall be filed and served not less than 7 days prior to the date set for the hearing, said interval including intermediate Saturdays, Sundays, and legal holidays, C.R.C.P. 6(a) notwithstanding, unless the last day of the period so computed is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next succeeding day which is not a Saturday, Sunday or a legal holiday. Service of such response upon the moving party shall be made in accordance with C.R.C.P. 5(b). C.R.C.P. 6(e) shall not apply to computation of time periods under this section (c).

(d) Hearing; Scope of Issues; Order; Effect. At the time and place set for the hearing or to which the hearing may have been continued, the court shall examine the motion and the responses, if any. The scope of inquiry at such hearing shall not extend beyond the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein, and such other issues required by the Service Member Civil Relief Act (SCRA), 50 U.S.C. § 520, as amended. The court shall determine whether there is a reasonable probability that such default or other circumstance has occurred, and whether an order authorizing

requires a motion that states facts sufficient to invoke the power of sale in the deed of trust. The motion must be accompanied by the deed of trust and evidence showing that the party seeking the sale has standing to invoke the power of sale contained in it. Rule 120 anticipates that the owner/purchaser may respond to the motion, but the judicial determination is limited to " the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein, and such other issues required by the Service Member Civil Relief Act (SCRA), 50 U.S.C. § 520, as amended." C.R.C.P. 120(d). Rule 120 expressly states that the determination of the motion is not a final order subject to appeal, and that an aggrieved party may initiate an independent action to address issues related to the motion or order. Once a sale is authorized, the public trustee then advertises and conducts a sale of the property. The highest bidder receives a Certificate of Purchase. Only after the expiration of statutory redemption periods, can a redeeming party or the purchaser obtain a Public Trustee's Deed. At that time, the purchaser/owner/borrower's rights in the property are fully extinguished.

### III.  Motion to Remand

There is no dispute that this Court has subject-matter jurisdiction to resolve the issues in

---

sale is otherwise proper under said Service Member Civil Relief Act, and shall summarily grant or deny the motion in accordance with such determination. Neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment. The granting of any such motion shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any right or remedy of the moving party. The court shall not require the appointment of an attorney to represent any interested person as a condition of granting such motion, unless it appears from the motion or other papers filed with the court that there is a reasonable probability that the interested person is in the military service.

this case.[10]  Despite subject matter jurisdiction, the Plaintiffs request that the Court abstain in this matter pursuant to the *Rooker-Feldman* doctrine and remand it to the state court.

Briefly capsulized, the *Rooker-Feldman* doctrine "prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006).  It applies in cases brought by plaintiffs who have lost in state court, who complain of injuries caused by state-court judgments, and who invite the federal court to review and reject the state court judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  The *Rooker-Feldman* doctrine only applies when a case is " brought after the state proceedings have ended;" in other words, the state court must have finally determined the rights of the parties before the federal action is initiated. *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007).

In determining whether and when *Rooker-Feldman* applies relative to determinations made during the Colorado public trustee foreclosure process, it is important to know at what point in the process the federal action is initiated.  For example, several courts have reasoned that once the foreclosure sale has occurred and the purchaser/owner/borrower's rights in the property have been extinguished, the *Rooker-Feldman* doctrine would preclude a federal court from determining the purchaser/owner's rights in the property. *See, e.g., Dillard v. Bank of New York*, No. 11–1379, 2012 WL 1094833 at *1 n. 3 (10th Cir., April 3, 2012); *Noland v. Murphy*, Civil Action No. 11–cv–02258–WYD–MEH, 2011 WL 5984863 (D.Colo., Nov. 30, 2011).

---

[10] The parties agree that federal question jurisdiction exists under 28 U.S.C. § 1331 based on the FDCPA claim.  They also initially agreed that there was diversity jurisdiction pursuant to 28 U.S.C. §1332.  Although the Amended Complaint purports to join a new defendant (the public trustee) whose participation could arguably destroy diversity between the parties, there is no need to address that issue.

However, before the foreclosure sale has occurred, the Tenth Circuit and others have reasoned that the *Rooker-Feldman* doctrine does not apply to issues relevant to the Rule 120 determination. *In re Miller*, 666 F.3d 1255, 1262 n. 6 (10th Cir. 2012); *Rousseau v. Bank of New York*, Civil Action No. 08-cv-00205-PAB_BNB, 2009 WL 3162153 (D. Colo., Sept. 29, 2009) (noting that the text of Rule 120 contemplates that a plaintiff could re-raise arguments concerning the validity of a foreclosure in a subsequent proceeding); *United Guar. Residential Ins. Co. v. Vanderlaan*, 819 P.2d 1103, 1005 (Colo. App. 1991) (plaintiff's failure to raise a defense to deficiency in a Rule 120 proceeding did not preclude later challenge). These courts note that Rule 120 expressly states that determination of the motion is not a final determination, and that an unhappy party may initiate a separate action to challenge the determination.

This reasoning is persuasive here. The record shows that a Rule 120 Order was entered, but there is no showing that the entire foreclosure process has been concluded. Because no final order is being challenged, the *Rooker-Feldman* doctrine does not require the Court abstain. Thus, the Motion to Remand is denied.

### III. Motion to Dismiss

**A.     Standard of Review**

The Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient

facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

In applying the *Twombly/Iqbal* standard to a motion under Fed. R. Civ. P. 12(b)(6), the Tenth Circuit has held that plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* (internal quotation marks and citations omitted). The standard must be applied in a manner consistent with the notice pleading framework set forth in Fed. R. Civ. P. 8(a)(2), which requires only that a complaint give a defendant "fair notice" of the claim and grounds upon which it rests. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted). The nature and specificity of the allegations required to state a claim will depend on context; moreover, while a plaintiff need not establish a *prima facie* case in the complaint, the elements of each alleged cause of action

help to determine whether the plaintiff has set forth a plausible claim. *Id*.

## B.    The Plaintiffs' Claims

As noted earlier, the Court understands the Plaintiffs' claims to be reflected in the prayer in the Complaint and Amended Complaint.

### 1.    Declaratory Judgment

Mellon seeks dismissal of the declaratory judgment claim because it contends that Mellon satisfied the state court with regard to the Rule 120 order, and implicitly that absent an alleged irregularity in that process, the allegations are insufficient to demonstrate that the Rule 120 Order should be voided.  In particular, Mellon argues that it was not required to produce the original documents showing that it was the holder of the promissory note in the Rule 120 proceeding.  Mellon refers to C.R.S. § 38-38-101(1)(b)(II), which permits certain parties initiating a foreclosure to produce copies of the evidence of the debt and a certification, rather than an original note.  In addition, Mellon argues that the Plaintiffs' argument is a defense to a Rule 120 proceeding but does not give rise to an independent claim.  C.R.C.P. 120(c) (permitting an interested party to disputing the moving party's entitlement to an order authorizing sale to file a response); *Goodwin v. District Court In and For Sixteenth Judicial Dist.*, 779 P.2d 837 (Colo. 1989) (defense that party seeking order of sale is not the real party in interest may be raised as a defense in a Rule 120 proceeding).

Turning to the first issue, the Court understands that the Plaintiffs seek a determination that Mellon did not have standing to obtain a Rule 120 Order because it had no rights in the promissory note or deed of trust.   Under Colorado law, the only person that may initiate a public trustee foreclosure sale pursuant to C.R.S. § 38-38-101(1) is the "holder of an evidence of debt."

The "holder of an evidence of debt" is defined as follows:

> the person in actual possession of or person entitled to enforce an evidence of debt; except that 'holder of an evidence of debt' does not include a person acting as a nominee solely for the purpose of holding the evidence of debt or deed of trust as an electronic registry without an authority to enforce the evidence of debt or deed of trust. For the purposes of articles 37 to 40 of this title, the following persons are presumed to be the holder of an evidence of debt:
> (a) The person who is the obligee of and who is in possession of an original evidence of debt;
> (b) The person in possession of an original evidence of debt together with the proper indorsement or assignment thereof to such person in accordance with section 38-38-101(6);
> (c) The person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank; or
> (d) The person in possession of an evidence of debt with authority, which may be granted by the original evidence of debt or deed of trust, to enforce the evidence of debt as agent, nominee, or trustee or in a similar capacity for the obligee of the evidence of debt.

C.R.S. § 38-38-100.3(10).[11]

The Plaintiffs have alleged that Mellon had no interest in the promissory note because it was never properly assigned by Countrywide. The Plaintiffs further allege that Bank of America represented that it held the promissory note, and that the record beneficiary of the deed of trust is neither Countrywide nor Bank of America. These facts, if true, plausibly challenge whether Mellon held evidence of the indebtedness sufficient to have standing to request a public trustee's sale and obtain a Rule 120 Order.

Mellon's second argument is also unavailing. There is nothing in Rule 120 which

---

[11] A holder of an evidence of debt that is also a bank or other specified type of entity is considered to be a "qualified holder." C.R.S. § 38-38-100.3(20). The are specific provisions in the foreclosure statute relating to qualified holders of a debt; the Defendants assume without making any showing that they are qualified holders.

11

requires the assertion of a challenge to standing in opposition to a motion. To the contrary, the rule authorizes initiation of collateral proceedings in order to address the determination of the motion. The determination of the motion is not final, thus questions as to Mellon's standing are appropriately raised in an action such as this. This claim will proceed against Mellon.

### 2.     Quiet Title

The Defendants contend that the Plaintiffs are not entitled to an order quieting title to the property in their favor because Plaintiffs do not assert a superior claim of ownership and have not demonstrated that they are able to pay the outstanding debt.

Technically, there is no "quiet title" claim stated. However, as noted earlier, the Court understands this claim to be one seeking a determination that neither Mellon nor Bank of America hold a lien against Plaintiff's property. Viewed in that light, there are sufficient allegations to raise a plausible dispute. In the absence of a showing that Plaintiffs have been divested of all rights in the property, this remains a justiciable issue. This claim may proceed against both Mellon and Bank of America.

### 3.     FDCPA Claim

Bank of America also seeks dismissal of the FDCPA claim for failure to allege sufficient facts to establish particular violations and there are no allegations that Bank of America falls within the definition of "debt collector" under the Act. 15 U.S.C. § 1692a(6) (defining a debt collector for the purposes of the FDCPA as a person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

As to the first argument, insufficiency of the pleadings, the Plaintiffs have alleged that Bank of America has made continued and abusive harassing phone calls demanding payment be made. In addition, the Plaintiffs allege that Bank of America has provided statements of account that are inconsistent with the amounts that Bank of America claims are owing. Although the Plaintiffs have not identified the exact provision of the FDCPA they contend has been violated in this regard, such specificity is not required under *Twombly/Iqbal*, and the Court concludes that this claim may proceed against Bank of America.

Bank of America's second argument is that there are not allegations that, if true, would make them a "debt collector" under the FDCPA. In addition, they argue that the FDCPA does not apply to mortgage servicing companies or assignees of a debt so long as the debt was not in default at the time it was assigned, citing *Perry v. Stewart*, 756 F.2d 1197 (1985) and 15 U.S.C.§1692a(6)(F)(iii) (to be a debt collector, a debt must be in default at the time it was assigned to the person attempting to collect the debt). However, as the Plaintiffs note, the central premise of their Complaint (and Amended Complaint) is that the Defendants are not legitimate creditors and do not own they debts they are attempting to enforce through the foreclosure and otherwise.

Construing the alleged facts most favorably to the Plaintiffs, it would appear that Bank of America was attempting to collect on Plaintiffs' promissory note obligation. The allegations suggest that there had been a default in payment, but it is unclear whether the promissory note was assigned to Bank of America, and if so, when such assignment occurred. These facts, together with alleged violations of the FDCPA, are sufficient to state a plausible claim for violation of the FDCPA by Bank of America.

**IT IS THEREFORE ORDERED**

(1) The Plaintiffs' Motion for Remand (#**14**) is **DENIED.**

(2) The Defendants' Motion to Dismiss **(#17)** is **DENIED.**  The claims asserted in the Plaintiffs' Amended Complaint (#**20**), as redefined by this order, remain pending.

Dated this 3rd day of May, 2011

            **BY THE COURT:**

            *Marcia S. Krieger*
            _____

            Marcia S. Krieger
            United States District Judge