**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.  1:11-cv-03185-MSK-MJW

MARK D. NIEDERQUELL and
JUDITH A. NIEDERQUELL,

        Plaintiffs.

v.

BANK OF AMERICA N.A. and
THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES,
SERIES 2006-3

        Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
REGARDING PLAINTIFFS' NOTICES OF 30(b)(6) DEPOSITION PURSUANT TO
FED. R. CIV. P. 26(c)**

---

Bank of America, N.A., (**BANA**) and Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders, Series 2006-3, (**BNY**) (collectively **Defendants**), though their undersigned counsel, hereby submit their Reply, as follows:

## I.    INTRODUCTION

Plaintiffs Mark and Judith Niederquell's (collectively **Plaintiffs**) Response (**Response**) to Defendants' Motion for Protective Order (**Motion**) fails to remedy the problems with their Notices of Deposition Pursuant to Rule 30(b)(6) and Requests for Production of Documents at Deposition.  Defendants appreciate the importance of producing knowledgeable witnesses concerning the issues presented in Plaintiffs' Amended Complaint.  Indeed, part of the reason for seeking protection under Rule 26(c) is because Plaintiffs' deposition notices are so overbroad and

so unduly vague that they prevent Defendants from meaningfully complying with their Rule 30(b)(6) obligations, without incurring an undue burden and expense.

Plaintiffs' Response merely confirms that Plaintiffs failed to consider any meaningful limitation on topic five prior to serving the deposition notices. Plaintiffs argue that *some* of the information in topic five *might* be relevant to their claims. However, relevance is not the touchstone—discovery must also be reasonably limited and proportionate to prevent the responding party from incurring undue burden and expense. Here, topic five is virtually unlimited in substantive scope and concerns perhaps tens of thousands of parties that are not before this Court. Moreover, much of the information sought is likely publicly available.

Plaintiffs' request for production of documents, while not necessarily overbroad, suffers from a more serious defect—the transparent violation of a Court Order. The Court already ruled that Plaintiffs cannot propound written discovery at this late stage, yet that is precisely what they are attempting here, in violation of the Court's Order and Rule 30(b)(2). Consequently, the Court should enter a protective order striking topic five in its entirety and striking Plaintiffs' untimely requests for production.

## II.   LEGAL ARGUMENT

**A.   Topic Five Should be Stricken, or at the Very Least, Drastically Limited in Scope.**

**1.   Topic five is not restricted in substantive scope nor limited to the parties, transactions or occurrences alleged in the pleadings.**

Plaintiffs contend the information requested in topic five is "relevant to establishing that the conduct of the Defendants in this case with respect to violations of the Federal and Colorado Fair Debt Collections Practice Act and other deceptive practices throughout the course of the mortgage modification program undertaken by Defendants." (Response at p. 2.) Defendants

{25711846;1}                                                         2

presume the foregoing language is limited to Plaintiffs' claim for under the Fair Debt Collection Practices Act (**FDCPA**). Even with this assumption, however, topic five remains substantially overbroad and unduly burdensome, for two reasons.

First, topic five is virtually unlimited in substantive scope. It seeks information regarding all sanctions or fines levied by the Office of the Comptroller of Currency (**OCC**) or the Securities and Exchange Commission (**SEC**) that has any relation to Defendants' "mortgage lending practices." By its plain language, this encompasses disclosures under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, settlement services under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and compliance with the laws of Oregon, Nebraska, Delaware, and the Territory of Guam.

Plaintiffs argue that topic five is intended to obtain information relating to their FDCPA claim and specifically the loan-modification practices of the Defendants, but the request sweeps unfettered across every conceivable area in the wide field of mortgage lending, far beyond FDCPA compliance, and is therefore patently overbroad. *See Sonnino v. University of Kansas Hospital Authority,* 2004 WL 764085 at *5 (D. Kan. April 8, 2004) (held that a request for production that sought "all documents that relate or concern" a particular topic was "either excessively vague or overbroad in scope"). As courts have recognized, such overbroad requests preclude a responding party from meaningfully complying with Rule 30(b)(6):

> [a]n overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. If the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible [and therefore] [t]o allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.

*McBride v. Medicalodges, Inc.* 250 F.R.D. 581, 584 (D. Kan. 2008) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 444 (D. Kan. 2000)). Identifying and preparing a witness to testify on such an unlimited topic would require weeks of preparation, document review, client conferral, and tens of thousands of dollars in attorneys' fees, which is so disproportionate to the needs of the case as to warrant being stricken under Rule 26(c).

Plaintiff's request for information regarding SEC fines or sanctions is groundless. The SEC's primary mission is to regulate compliance with the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.*, and to enforce federal securities laws, a mission that has nothing to do with mortgage lending. *See, e.g., Securities and Exchange Commission v. Kaplan,* 397 F. Supp. 564, 567 (E.D.N.Y. 1975) ("The Securities and Exchange Commission is an independent regulatory agency created by the Congress of the United States and charged with the primary responsibility of enforcing the Securities Act of 1933 and the Securities Exchange Act of 1934. Both statutes have as their essential purpose the protection of the investing public.") By identifying a topic—SEC fines or sanctions—that has no conceivable connection to Defendants' claims for relief, it is apparent that Plaintiffs failed to undertake a meaningful analysis of their discovery needs and the limitations erected by Rule 26(c) when drafting the deposition notices. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) (noting that "kneejerk discovery requests

served without consideration of cost or burden on the responding party" represent "one of the most prevalent of all discovery abuses").

Second, there has been no showing that even if Defendants could somehow identify, prepare, and produce a witness knowledgeable on such a far-reaching category of information, that the testimony would have any tendency to prove their FDCPA claim or any other claim at issue in this litigation. Plaintiffs have not made even a superficial showing that (1) their mortgage loan was the subject of any fine or sanction; (2) that the events leading up to any fines or sanctions are substantially related to the allegations in the Amended Complaint; (3) or that the fines or sanctions issued with respect to the dealings between nonparties to the litigation and the Defendants serves to prove any essential element of any of their claims.

Plaintiffs do not, for example, have a claim under the Colorado Consumer Protection Act (**CCPA**), C.R.S. §§ 6-1-101—709, which would implicate the need to prove public impact, *Gen. Steel Domestic Sales, LLC v. Hogan & Hartson, LLP*, 230 P.3d 1275, 1282 (Colo. App. 2010), or a claim for exemplary damages, for which harm to nonparties might be a plausible issue for purposes of assessing reprehensibility, *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 419 (2003) (although a jury cannot award damages for direct harm to nonparties, such harm may, with careful limitations, be relevant to determining there reprehensibility of a defendant's conduct for purposes of assessing punitive damages).

In summary, topic five of Plaintiffs' deposition notices demonstrates a failure to adhere to the responsibilities imposed by the Rules of Civil Procedure on every litigant to carefully craft discovery requests that seek relevant information without imposing an undue burden or expense. Topic five is virtually unlimited in substantive scope and none of the information contained

within its exceedingly broad description is likely to lead to admissible evidence. Therefore, Defendants respectfully request the Court strike this topic in its entirety.

> **2. It is also oppressive and harassing to require Defendants to prepare a knowledgeable witness concerning topic five because the information Plaintiffs seek is available to the public on the OCC's website.**

In addition, formal enforcement actions taken by the OCC are available to the public through the Enforcement Actions Search Tool on its website.[1] It is well-settled that discovery is not required for public documents that are equally available to all parties. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.,* 242 F.R.D. 1, 11 (D.D.C. 2007) ("Typically, courts do not order discovery of public records which are equally accessible to all parties"); *Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc.,* 425 F. Supp. 2d 352, 374–75 (W.D.N.Y. 2006) ("[D]iscovery need not be required of documents of public record which are equally accessible to all parties."); *Hendler v. United States,* 952 F.2d 1364, 1380 (Fed. Cir. 1991) ("For the Government to make requests which would require plaintiffs in turn to seek information from the Government itself, and then to seek dismissal with prejudice when plaintiffs failed to supply the Government with the information that the Government already had, seems a cruel joke.")

Here, it required all of five minutes of online research using Google.com for the undersigned to locate the website for the OCC providing public access to its enforcement actions and sanctions. Additionally, Plaintiffs could have simply propounded discovery on the OCC to obtain the information sought by topic five of their deposition notices, but instead of taking this route, they chose the alternative of identifying an impossibly broad topic and shifting the burden onto the Defendants to guess at what information Plaintiffs are seeking and to obtain that

---

[1] *See* http://apps.occ.gov/EnforcementActions/

{25711846;1}  6

information from a third party, the OCC. For this reason as well, the Court should strike topic five in its entirety, pursuant to Rule 26(c).

### 3. Federal Rules of Evidence Rule 406 is inapplicable to the circumstances of the instant action.

Plaintiffs misinterpret Fed. R. Evid. 406. Rule 406, on its face, applies in only two instances: (1) to show an individual acted in conformity with his or her habit, and (2) to show an organization acted in conformity with its routine practice. However, to prevent Rule 406 from consuming the proponent's burden of proof and conflicting with the provisions of Rule 404(b), courts restrict the use of habit evidence to those situations where the conduct in question can be characterized as a semi-automatic act. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). Indeed, "the very nature of habit evidence is that it is done reflexively." *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 887 (10th Cir. 2006). Plaintiffs cite Rule 406 as support for their contention that "[i]f such actions as alleged in the Amended Complaint were in conformity with the routine practice of Defendants in similar circumstances that may form the basis for any of the sanctions or fines sought under this discovery topic, then such information is clearly relevant to confirming that the actions occurred in this instance as well." (Response at p. 2.)

However, the evidence Plaintiffs seemingly desire is not habit evidence. The interactions between the Defendants and other borrowers, each of which involves a different loan, different property, and a different set of financial circumstances cannot be characterized as the type of discrete, semi-automatic or reflexive act that characterizes evidence properly admissible under Rule 406, such as always stopping at a particular red light or always using one's turn signal at a particular intersection. *See Frase v. Henry*, 444 F.2d 1228, 1232 (10th Cir. 1971) (defining habit evidence as "a regular practice of meeting a *particular kind of situation* with a certain type of

conduct, or a reflex behavior in a *specific set of circumstances*") (emphasis added).

Further, as the Tenth Circuit has noted, "it goes without saying that illegal acts . . . cannot properly be characterized as semi-automatic or reflexive" because such misuse of Rule 406 would effectively relieve a litigant of its burden of proof. *See U.S. v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). Here, Plaintiffs run afoul of this limitation, because they seek to prove that Defendants acted unlawfully through the use of purported habit evidence. Finally, the requested testimony would not satisfy this definition as the OCC's determination to initiate a formal enforcement action in no way demonstrates the reflexive nature or consistency of Defendants' organizations, which is required for habit evidence. In fact, the plain language of topic five and the slight elaboration Plaintiffs offered in their Response seems more likely to reveal evidence concerning the habits or routine practices of the OCC in determining what it considers appropriate for a formal enforcement action.

For these reasons, Plaintiffs' request for information concerning fines or sanctions levied by the OCC or SEC violates the requirements of Rule 30(b)(6), and a protective order striking topic five is warranted.

**B.   Plaintiffs' Request for Production of Documents should be excluded because the Court previously denied Plaintiffs' request for an extension of the submission of written discovery deadline.**

Despite Plaintiffs' acquiescence to Defendants' argument concerning the breathtaking scope of their request for production (Opp. at p. 3), Plaintiffs continue to assert that their request for the production of multiple documents, identified by four categories in the deposition notices, is not improper. Plaintiffs' original request to extend the deadline for submission of written discovery was denied because the Court determined Plaintiffs failed to demonstrate good cause

for the requested extension.

Plaintiffs now attempt to circumvent the Court's previous ruling, contending they are not requesting production of documents under Rule 34. However, the clear language in Rule 30(b)(2), which references Rule 34, states directly the opposite. Rule 30 provides the subpoena notice may be accompanied by a request *under Rule 34* to produce documents and tangible things. *See* Fed. R. Civ. P. 30(b)(2). As the Court did not grant Plaintiffs' request for an extension of time to serve written discovery, Plaintiffs' window of opportunity to serve requests for production under Rule 34 has long since expired. Therefore, Defendants request that the Court enter a protective order striking Plaintiffs' untimely requests for production.

### III.   CONCLUSION

Defendants object to Plaintiffs Notices of Deposition Pursuant to Rule 30(b)(6) because topic five fails to describe "with reasonable particularity" the matter for examination, is overly broad, and poses an undue burden on Defendants pursuant to Rule 26(c). Defendants also object to Plaintiffs' untimely and improper request for production. Therefore, Defendants respectfully request that the Court enter a protective order striking topic five and striking the requests for production.

Respectfully submitted this 31st day of January, 2013.

**AKERMAN SENTERFITT LLP**

*A duly signed original is on file at the offices of Akerman Senterfitt LLP*

By: */s/ Ian T. Hicks*
    Molly S. Ballard, Bar No. 42604
    Ian T. Hicks, Bar No. 39332

1400 Wewatta Street, Suite 500
Denver, CO 80202
Tel. 303.260.7712
Fax 303.260.7714
molly.ballard@akerman.com
ian.hicks@akerman.com

*Attorneys for Defendants Bank of America, N.A. and The Bank of New York Mellon f/k/a The Bank of New York as trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates Series 2006-3*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2013, I served the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER** upon the following, via the Court's ECF Electronic File and Serve System:

    Erich Schwiesow, Esq.
    Lester, Sigmond, Rooney & Schwiesow
    311 San Juan Avenue
    Alamosa, CO 81101-7195
    erich@lsrslaw.com
    *Attorney for Plaintiffs*

    */s/ Courtney Linney*
    Courtney Linney