IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03185-MSK-MJW

MARK D. NIEDERQUELL and
JUDITH A. NIEDERQUELL,

Plaintiffs,

v.

BANK OF AMERICA N.A. and
THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-3,

Defendants.

---

## ORDER ON
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' NOTICES OF 30(b)(6) DEPOSITIONS (Docket No. 53)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 7) issued by Chief Judge Marcia S. Krieger on December 13, 2011.

Now before the court is defendants' Motion for Protective Order Regarding Plaintiffs' Notices of 30(b)(6) Depositions (Docket No. 53). The court has carefully considered the subject motion (Docket No. 53), plaintiffs' response (Docket No. 55), and defendants' reply (Docket No. 56). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

Pursuant to Rule 30(b)(6), plaintiffs seek to depose corporate representatives of each of the named defendants, and have those representatives produce various documents at their depositions. Defendant objects to "topic five" in both deposition notices. Topic five requests that each defendant produce a knowledgeable witness to testify regarding "[a]ny fines and sanctions levied by the Office of the Comptroller of the Currency or the Securities and Exchange Commission with respect to mortgage lending practices." Plaintiffs' counsel has since clarified that plaintiffs are only interested in fines and sanctions levied over the last two years. Even with the clarification in mind, defendants argue plaintiffs' request is irrelevant, overbroad, and unduly burdensome.

In addition, defendants also object to plaintiffs' request for production of documents which requests defendants to "produce at said time and place all of the documents in [their] possession concerning in any manner the subject matter of this litigation not already produced in your Rule 26(2) Disclosures." Several specific documents are listed in addition to the above introductory language. Defendants argue the request is overbroad and an attempt to circumvent the court's previous order denying plaintiffs' request to extend the deadline for submission of written discovery. See Docket No. 39.

In response, plaintiffs argue that the fines and sanctions information is discoverable under Fed. R. Evid. 406. Specifically, plaintiffs argue past fines and sanctions may show a routine practice by defendants in conformity with the actions taken in this matter. As to the defendants' objection to the production of documents, plaintiffs admit that the introductory language is overbroad and do not contest defendants' objection. However, plaintiffs maintain that the request for production of the

3

specifically listed documents is appropriate.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). However, a court must limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

**Topic Five**

It is clear that topic five is not directly relevant to plaintiffs' case. Topic five does not request information on fines and sanctions levied as a result of actions specifically taken by defendants against plaintiffs. Rather, the request broadly requests information on all fines and sanctions levied against defendants, regardless of the parties involved in those fines and sanctions. This information is not relevant to any of plaintiffs' claim; plaintiffs do not make a claim, such as a claim for exemplary damages, which includes an element for which the information may be directly relevant. Accordingly, the court finds that the request does not sufficiently relate to the claims or defenses of the parties in this action. See Fed. R. Civ. P. 26(b)(1). Plaintiffs, however, argue the information is admissible and relevant under Rule 406.

Under Fed. R. Evid. 406, "[e]vidence of . . . an organization's routine practice may be admitted to prove that on a particular occasion the . . . organization acted in accordance with the . . . routine practice." A routine practice must be "reasonably regular and uniform." Guidance Endodontics, LLC v. Dentsply Intern., Inc., 705 F. Supp. 2d 1265, 1269 (10th Cir. 2010) (quoting United States v. Oldbear, 568 F.3d 814,

822 (10th Cir. 2009)). Further, "illegal acts such as embezzlement" do not fall under Rule 406. See Oldbear, 568 F.3d at 822.

By its very nature, information relating to fines and sanctions imposed on defendants implicates illegal, or at least wrongful, acts. Accordingly, the court finds that topic five is not relevant under Rule 406.

**Production of Documents**

The Scheduling Order (Docket No. 30) in this matter set out a deadline for service of production of document requests of August 3, 2012, a discovery cut-off date of September 6, 2012, and a deposition deadline of September 6, 2012. On August 30, 2012, plaintiffs filed a motion (Docket No. 37) seeking to extend to the deadline for depositions to November 6, 2012 and the deadline for written discovery to October 3, 2012. The next day, the court entered an order (Docket No. 39) granting an extension of the depositions deadline, but denying plaintiffs' request to extend the written discovery deadline. On November 11, 2012, plaintiffs filed an unopposed motion (Docket No. 50) further seeking to extend the depositions deadline to January 5, 2013. The court entered an order (Docket No. 52) granting plaintiffs' motion on November 5, 2012.

Although the deposition deadline has since passed, the parties have apparently agreed to further extend the deadline for the purpose of deposing the corporate representatives. However, defendants argue that since the Rule 34 production of documents deadline as long expired, defendants should not be required to produce any documents at the upcoming depositions. In other words, defendants contend plaintiffs are attempting to circumvent the expired production of documents deadline.

5

The court agrees with defendants. Rule 30(b)(2) states that a notice of deposition "may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Accordingly, the plain language of Rule 30 dictates that Rule 34 governs the production of documents at depositions. It follows, therefore, that a Rule 34 request accompanying a notice of deposition must be served prior to the Rule 34 deadline set forth in the scheduling order. As defendants suggest, holding otherwise would largely render the Rule 34 deadline meaningless. Accordingly, since the Rule 34 deadline passed on August 3, 2012, the court finds that defendants' corporate representatives will not be required to produce any documents at their scheduled depositions.

**Order**

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion for Protective Order Regarding Plaintiffs' Notices of 30(b)(6) Depositions (Docket No. 53) is **GRANTED**. The scope of defendants' corporative representatives' depositions shall be limited in that "Topic five" and the Rule 34 production of documents shall be struck from plaintiffs' notice of depositions. It is further

**ORDERED** that each party will be responsible for the costs and fees associated with the subject motion.

Date: February 11, 2013         s/ Michael J. Watanabe
      Denver, Colorado          Michael J. Watanabe
                                United States Magistrate Judge